UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVONT PINDLE,                           :
                                         :
         Plaintiff                       :
                                         :
    v.                                   :  CIVIL NO. 3:CV-03-2108
                                         :
R. HENDERSHOT, ET AL.,                   :  (Judge Kosik)
                                         :
         Defendants                      :

**Memorandum and Order**

**Background**

Pending before the court is a motion filed by plaintiff seeking reconsideration of a Memorandum and Order issued November 30, 2004 (Doc. 56) granting summary judgment in favor of defendants in the above Bivens-styled civil rights action filed pursuant to 28 U.S.C. § 1331. In the complaint, plaintiff challenges the adequacy of his medical treatment while housed at the Federal Correctional Institution at Schuylkill with regard to urinary complaints. Named as defendants are various officials and employees at FCI-Schuylkill. In granting summary judgment, the court found that several defendants were entitled to summary judgment on the basis of sovereign immunity and respondeat superior. The court further found that there existed no disputed issue of material fact with regard to whether defendants were deliberately

indifferent to a serious medical need of plaintiff.  This decision was based upon consideration of all evidentiary materials submitted by the parties.  The court found that while plaintiff may disagree with some of the decisions made by defendants during the course of his treatment, the undisputed record demonstrated that plaintiff received constant medical care for his complaints and condition, and that there existed no evidence indicating that defendants knowingly and unreasonably disregarded any serious risk to plaintiff's health and safety.

Presently pending is plaintiff's motion filed on December 30, 2004 seeking reconsideration of the court's decision granting summary judgment.  (Doc. 57.)  A brief in support of the motion has also been filed.  On January 11, 2005, defendants submitted a brief opposing plaintiff's motion.  (Doc. 59.)  For the reasons that follow, the motion will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  It has also been held that a motion for reconsideration is appropriate in instances where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) quoting Above the

Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In seeking reconsideration plaintiff reiterates arguments previously set forth regarding the interpretation of portions of his medical records, and sets forth arguments he wishes to make in support of his claim that he was denied adequate medical treatment.[1]  He also sets forth additional arguments based upon the exhibits in the record.  He requests that the court reconsider the decision granting summary judgment and allow him to pursue the issue of negligent conduct on the part of the defendants in this case.

The court agrees with defendants that the motion for reconsideration must be denied in this case.  First, it appears that plaintiff's motion for reconsideration is untimely.  It was not filed until December 30, 2004, which is one month following the court's decision in this case.  Pursuant to Federal Rule of Civil Procedure 59(e) which addresses a motion seeking to alter or amend a judgment, such motion is to be filed no later than 10 days after entry of the judgment.

Furthermore, even if the motion were deemed timely, it would still be without merit.  It is well established that a motion for reconsideration is not a vehicle to reargue one's case to

---

[1] For example, plaintiff states that he "will show" that it was four (4) weeks as opposed to (2) two weeks of antibiotic treatment that was advised for him and also that (4) weeks of treatment is consistent with what would be advised for a condition such as his.  (Doc. 57 at 2.)

3

present evidence which should have been previously raised to the court. Plaintiff attempts to now dispute portions of the medical record which he had full opportunity to do when opposing defendants' summary judgment motion. Any attempt by plaintiff to reargue his position without pointing to an intervening change in the controlling law, presenting evidence to the court not previously available or showing a clear error of law is not an acceptable basis for filing a motion for reconsideration. Further, although plaintiff now tries to label his claims under the negligence heading, he still fares no better. Negligence is not an appropriate basis for pursuing a civil rights claim. The court stands by it's decision that summary judgment is fully warranted in this case. The record clearly reveals that plaintiff was provided with adequate medical treatment and that there is no evidence to suggest that defendants knowingly and unreasonably disregarded a serious risk to plaintiff's health and safety.

**ACCORDINGLY, THIS 19**th **DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT** plaintiff's motion for reconsideration (Doc. 57) is **DENIED**.

                                                        s/Edwin M. Kosik
                                               United States District Judge

EMK:lq